IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No. 20-10059-02-JWB

VALERIE ANN BARKER,

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on a motion filed by Defendant Valerie Barker ("Defendant") in which she asks the court to dismiss the case for lack of jurisdiction under 28 U.S.C. § 2241. (Doc. 55.) The motion is briefed and ripe for decision. (Docs. 55, 73, 74.) For the reasons stated herein, Defendant's motion (Doc. 55) is DENIED.

I.    **Background**

Defendant was charged in an April 19, 2022, superseding indictment[1] with four counts of mailing threatening communications in violation of 18 U.S.C. §§ 876(b) and 2. (Doc. 68.) Following her original indictment and arrest, Defendant filed two documents titled "Affidavit of Facts and Truth." (Docs. 5, 10.) In both filings, Defendant stated this court lacked jurisdiction because, among other things, she is a sovereign citizen entitled to diplomatic immunity and the United States is a corporate fiction. To support these conclusions, Defendant cites to the "Treaty of Peace and Friendship of 1787" with Morocco. (Doc. 5 at 2.)

---

[1] The original indictment, filed September 9, 2020, charged Defendant with three counts of mailing threatening communications. (Doc. 1.)

On February 25, 2022, Defendant[2], who is proceeding pro se in this criminal action, filed the instant motion that is largely a rehashing of the assertions made in her previous filings. (Doc. 55.) Therein, Defendant makes an assortment of arguments concerning sovereignty, jurisdiction, constitutional rights, and citizenship; however, the gist of her argument is that the case should be dismissed because this court lacks jurisdiction over her. Simply put, Defendant argues that this case should be dismissed because she is an "American Citizen of Moorish Nationality," which strips this court of federal jurisdiction. (*Id*. at 2.) The government responds by providing a plethora of caselaw that illustrates Defendant's "arguments have uniformly been regarded and rejected as frivolous and without legal merit." (Doc. 73 at 3.)

## II.      Standard

Because Defendant is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Defendant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.     Analysis

While Defendant purports to rely on 28 U.S.C. § 2241 as her basis for relief, the court concludes that her motion is more properly construed as a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12. After liberally construing Defendant's filings, the court finds that her arguments are without legal merit. This is the same conclusion that courts, including

---

[2] As an initial matter, Defendant claims that she is the "authorized representative" for her husband, co-defendant Danny Barker. However, to the extent Defendant asserts claims or theories on behalf of Danny Barker, the court finds that she does not have standing to do so. *See RMA Ventures Cal. v. SunAmerica Life Ins*., 576 F.3d 1070, 1073 (10th Cir. 2009) ("A well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others."). Moreover, a non-lawyer may not represent anyone other than herself in a judicial proceeding. *See Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001). Accordingly, the court will only address Defendant's arguments with respect to the charges against her, not the charges against her husband.

the Tenth Circuit, have reached when discussing Moorish American National claims. *See Carroll v. Moorehead*, 710 F. App'x 346, 347 (10th Cir. 2018) (collecting cases to illustrate petitioner's claim that courts do not have jurisdiction over "Moorish American Nationals" is legally frivolous); *see also Mallett v. United States*, 721 F. App'x 836, 836-37 (10th Cir. 2018) (affirming dismissal of § 2241 claim as legally frivolous where petitioner argued he was entitled to immediate release from prison because, "as a Moorish American, he had a divine inherent birthright to ex-patriate and re-patriate at any time"); (Doc. 73 at 3-4) (collecting cases that held sovereign citizen Moorish American National arguments were frivolous and without legal merit).

First, the court clearly has jurisdiction over this case under 18 U.S.C. § 3231, which says "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."  Defendant is charged with offenses under Title 18 of the United States Code, which are offenses against the laws of the United States.  Moreover, the case is properly lodged in this district under Article III, Section 2, and the Sixth Amendment of the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure.

In her motion, Defendant seems to argue that the Treaty of Peace and Friendship and/or the United Nations Declaration on the Rights of Indigenous Peoples somehow divests this court of jurisdiction due to her alleged status as a person of Moorish descent.  The latter document is a declaration, not a treaty.  Accordingly, it has no legal force or effect.  Only actual treaties that are ratified by the United States Senate carry any legal force in this country.  *See Medellin v. Texas*, 552 U.S. 491, 505 (2008).

Unlike the United Nations declaration, the so-called Treaty of Peace and Friendship is an actual treaty.  The original treaty from 1787 was ratified by the United States Senate and had a term of fifty years. 8 Stat. 100.  When that treaty expired in 1837, the parties essentially renewed

it, albeit through a new treaty with essentially the same terms.  8 Stat. 484.  The new treaty had an initial term of fifty years, but provided that it would continue indefinitely until either party cancelled on twelve months' notice.  *Id.* Art. XXV.  As far as the undersigned can tell, the latter treaty is still in force.  Nevertheless, that begs the question of whether anything in the treaty supports Defendant's arguments here.

At a previous hearing in this case, the court asked Defendant which provisions of the treaty she believed supported her argument on jurisdiction.  She indicated that she relied on Articles XXI and XXII.  The court pointed out that, by its own terms, Article XXI only applied when a victim had been killed or wounded, and Article XXII only addressed the death of United States citizens in Morocco.  Thus, neither article supported her theory in this case.  When pressed for other provisions that supported her motion, Defendant replied that there had to be something in there somewhere.  Having reviewed the treaty in its entirety, which is not difficult since the document is relatively short, the court finds that nothing contained therein purports to divest a federal court of jurisdiction to hear cases involving criminal charges against Moroccans or others of Moorish descent committed within the United States, or to otherwise convey immunity from prosecution to any such persons.  Thus, even if Defendant were descended from the Moors (an issue into which the court has not delved), nothing contained within the documents on which she relies in her motion would preclude prosecution in this case.

## IV.    Conclusion

Defendant's motion to dismiss the indictment (Doc. 55) is DENIED.

IT IS SO ORDERED this 25th day of May, 2022.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE