IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                    Case No. 20-10059-02-JWB

VALERIE ANN BARKER,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on a motion filed by Defendant Valerie Barker ("Defendant") in which she asks the court to dismiss the indictment under Federal Rules of Criminal Procedure 12 and 48.  (Doc. 84.)  The motion is briefed and ripe for decision.  (Docs. 84, 86.)  For the reasons stated herein, Defendant's motion (Doc. 84) is DENIED.

## I.    Background

Originally, Defendant and her husband were indicted by a grand jury on September 9, 2020, with three counts of mailing threatening communications.  (Doc. 1.)  In sum, the charges and related materials allege Defendant made a series of threats to arrest/kidnap a former federal bankruptcy judge during her bankruptcy proceedings to prevent foreclosure and sale of various pieces of property at issue in the underlying proceedings.

In April 2021, Defendant was located and arrested in Colorado.  (Doc. 4.)  Following this, Defendant was transferred to the District of Kansas.  Defendant made her initial appearance before Magistrate Judge Kenneth Gale on May 14, 2021, and a detention hearing was set for the following week.  (Doc. 7.)  At the detention hearing, Defendant stated that she did not consent to the

proceedings, refused the appointment of counsel, and would not attend any future proceedings. (Doc. 13.)  Because of this, Defendant was ordered to be detained pending trial.  (*Id*.)

Defendant later changed her mind, however, and on June 25, 2021, was appointed counsel. (Doc. 24.)  Counsel then filed a motion to reconsider detention (Doc. 27), which the magistrate granted.  (Doc. 30.)  Soon thereafter, Defendant fled the jurisdiction.  By virtue of fleeing the jurisdiction, Defendant subsequently missed two hearings (Docs. 36, 41) followed by failing to appear for trial on August 12, 2021.  In December 2021, the Defendant was arrested and detained in Arkansas on local charges.  (Doc. 48.)

Defendant was then returned to Kansas and appeared before Magistrate Judge Gwynne Birzer on February 14, 2022.  There, Defendant indicated she wanted to represent herself.  (Doc. 53.)  On February 25, 2022, Defendant filed a pro se motion to dismiss the indictment.  (Doc. 55.) On March 2, 2022, this court continued the pending motions in this matter for 30 days to allow Defendant time to search for counsel of her choosing.  Defendant was unable to find an attorney to hire and renewed her request to proceed pro se.  (Doc. 63.)  On April 11, 2022, this court conducted a *Faretta*[1] hearing and concluded that Defendant could proceed pro se with standby counsel.  (Doc. 67.)

On April 19, 2022, Defendant was charged in a superseding indictment with four counts of mailing threatening communications in violation of 18 U.S.C. §§ 876(b) and 2.  (Doc. 68.)  The superseding indictment "added certain language to Counts 1-3 of the initial indictment and added Count 4, relating to T.G."  (Doc. 86 at 4.)  The government alleges this was necessary because when presenting evidence to the grand jury on the initial indictment "it was unknown to the USAO

---

[1] *Faretta v. California*, 422 U.S. 806, 820 (1975).

that the defendants had mailed similar threats to T.G., just a few weeks earlier on August 24, 2020." (*Id*. at 1.)

On May 25, 2022, this court denied Defendant's first pro se motion to dismiss. (Doc. 77.) On July 8, 2022, Defendant[2] filed the instant motion arguing dismissal is warranted under Federal Rules of Criminal Procedure 12 and 48. (Doc. 84.) Therein, Defendant merely lists the two federal statutes and frames her "arguments" in the form of a sentence or two under each statute questioning whether they have been violated or not. (*Id*.) Attempting to liberally construe Defendant's motion, the government responds by arguing: (1) there was no unnecessary delay in presenting the superseding indictment to the grand jury, (2) no violation of Defendant's constitutional right to a speedy trial, and (3) Defendant is not subject to vindictive prosecution. (Doc. 86.)

## II.     Standard

Because Defendant is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Defendant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

After liberally construing Defendant's filing, the court finds that she has not suffered unnecessary delay under Federal Rule of Criminal Procedure 48. The court further finds that

---

[2] As an initial matter, Defendant refers to her husband, co-defendant Danny Barker, throughout the motion as if he is aware and endorsing this motion. However, to the extent Defendant asserts arguments on behalf of Danny Barker, the court finds that she does not have standing to do so. *See RMA Ventures Cal. v. SunAmerica Life Ins*., 576 F.3d 1070, 1073 (10th Cir. 2009) ("A well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others."). Moreover, a non-lawyer may not represent anyone other than herself in a judicial proceeding. *See Perry v. Stout*, 20 Fed. App'x 780, 782 (10th Cir. 2001). Accordingly, the court will only address Defendant's arguments with respect to the charges against her, not the charges against her husband.

Defendant has not been subjected to vindictive prosecution tactics and is entitled to no relief pursuant to Federal Rule of Criminal Procedure 12.

### A.      No Undue Delay

A court may dismiss an indictment "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b).  Dismissal under Rule 48(b) is a matter left to the sound discretion of this court.  *United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010).  Unnecessary delay occurs when "the government has failed to prosecute in a timely manner."  *Id*.  "Absent prejudice to the defendant, a superseding indictment may be filed at any time before the trial."  *Id*. (citing *United States v. Wilks*, 629 F.2d 669, 672 (10th Cir. 1980)).

Here, the delay in filing the superseding indictment cannot be characterized as a failure to prosecute in a timely manner.  The government correctly argues that Defendant has failed to present any evidence that she experienced "prejudice due to the amendments to the initial charges, nor the delay in presenting" the new charge in the superseding indictment.  (Doc. 86 at 7.)  Indeed, Defendant merely quoted Rule 48(b) and wrote questions underneath, such as "[w]hy such a delay in filing new information?"  (Doc. 84 at 1.)  This does not supply the court with the necessary facts to support a finding of any prejudice.  Accordingly, Defendant's motion to dismiss the indictment for unnecessary delay is denied.[3]

### B.      No Vindictive Prosecution

"Vindictive prosecution occurs when the government retaliates against a defendant for exercising his or her constitutional or statutory rights, such as the right to file an appeal or the right to present a defense."  *United States v. Ray*, 899 F.3d 852, 860 (10th Cir. 2018) (citing

---

[3] To the extent Defendant's motion could be construed as raising a speedy trial violation, the motion is denied for the reasons set forth in the government's response.  (Doc. 86 at 8-14.)

*Bordenkircher v. Hayes*, 434 U.S. 357, 362-63 (1978)).  To succeed on her claim of prosecutorial vindictiveness, Defendant "bears the burden of proving either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Wall*, 37 F.3d 1443, 1447 (10th Cir. 1994) (quotation marks omitted).  "Actual vindictiveness occurs when the government's decision to prosecute was a direct and unjustifiable penalty for the exercise of a procedural right by the defendant."  *Ray*, 899 F.3d at 860 (quotation marks omitted).  On the other hand, Defendant may establish presumptive vindictiveness by showing that "as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because [she] exercised [her] specific legal right."  *Wall*, 37 F.3d at 1448 (quoting *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991)).

Here, Defendant fails to identify any right with respect to which the government retaliated. Defendant argues the government is employing "vindictive tactics" in prosecuting the present matter "because of a commercial lien" she placed against it.  (Doc. 84 at 2.)  This entirely misses the mark for establishing vindictiveness.  "Put another way, when/if the defendant filed a lien against the prosecution, for prosecuting her, the defendant did not exercise a procedural or legal right" as contemplated under Tenth Circuit precedent.  (Doc. 86 at 15.)  The court agrees with the government.  Accordingly, Defendant's claim of vindictive prosecution is denied.

### C.      Identity Hearing

Lastly, the court is satisfied that Defendant is the person named in the superseding indictment, and a hearing is unnecessary.  Defendant argues that an identity hearing in Kansas never transpired, and, because of this, she was assumed to be the "all capitalized" name "VALERIE ANN BARKER."  (Doc. 84 at 4.)  Defendant asserts that "VALERIE ANN

BARKER" is an estate, trust, or corporation of which she is the beneficiary, fiduciary, and executor. (*Id.*) After reviewing documents in the record, this court is satisfied that Defendant is the person named in the superseding indictment.

Federal Rule of Criminal Procedure 5 dictates the process when a defendant's "initial appearance occurs in a district other than where the offense was allegedly committed." Fed. R. Crim. P. 5(c)(3). Under Rule 5(c)(3), prior to transferring a defendant to the indicting district, the magistrate judge must find "that the defendant is the same person named in the indictment." Fed. R. Crim. P. 5(c)(3)(ii). However, this statute does not apply at the current stage of proceedings; and, to the extent it does, the court is satisfied that Defendant is the person named in the superseding indictment.

Here, Defendant has presented no evidence to support the contention that she is not the person named in the superseding indictment. When Defendant raised the issue at a status conference (Doc. 81), she took issue with being referred to as Valerie Ann Barker because she states her name is actually valerie barker bey. In fact, on more than one occasion over the course of this case, Defendant has tried to explain in open court and in written filings why she filed certain liens and took related actions underlying the charged offenses in this case, arguing vehemently that she was entitled to do those things. In making those arguments, she clearly admitted being the person charged as Valerie Ann Barker in the indictment and superseding indictment; rather, her argument is essentially that there is some meaningful legal difference between calling her Valerie Ann Barker as opposed to valerie barker bey. This argument misses the mark and does nothing to illustrate a mistake of identity. Moreover, Defendant admits in her own filings she was involved in the underlying bankruptcy proceedings that led to her property being seized to satisfy her debts. (Docs. 55, 78, 84.) Indeed, a review of the bankruptcy petition Defendant filed on May

6

2, 2019, reveals that she signed as Valerie Ann Barker, not valerie barker bey.  Accordingly, to the extent Defendant's motion can be construed as raising an identity issue, it is denied.[4]

**IV.    Conclusion**

Defendant's motion to dismiss the indictment (Doc. 84) is DENIED.

IT IS SO ORDERED this 14th day of July, 2022.


 s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[4] The last two pages of Defendant's motion is a continuous stream of statements and arguments that the court has already dealt with.  (*See* Docs. 76, 77.)  The court need not address those again.